**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CORNELIO VIVEROS-BALANTA,

    Petitioner,

v.                                     CASE NO. 8:11-CV-43-T-30EAJ
                                           CRIM. CASE NO. 8:07-CR-240-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

**<u>ORDER</u>**

Viveros-Balanta's motion to vacate pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) challenges the validity of his plea-based conviction for conspiring to possess with the intent to distribute five kilograms or more of cocaine while on board a vessel. Viveros-Balanta pleaded guilty pursuant to a plea agreement and was sentenced to 168 months in prison (CR Dkts. 38, 63). He did not appeal his conviction and the sentence.

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United*

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

*States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). The motion to vacate is time-barred.

The Anti-Terrorism and Effective Death Penalty Act created a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255. Because Viveros-Balanta's conviction was final on December 5, 2007,[2] his limitation expired one year later, in December 2008. Pursuant to the mailbox rule,[3] Viveros-Balanta's motion to vacate is considered filed as of January 5, 2011, which is both the date he signed the motion and the postmark on the envelope. Because the motion was filed over two years too late, Viveros-Balanta's motion to vacate is untimely.

Viveros-Balanta argues entitlement to equitable tolling. "[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, ___ U.S. ___, 130 S. Court. 2549, 2554 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

---

[2]Because Petitioner did not appeal the judgment of conviction entered on November 20, 2007, it became final 10 business days later on December 5, 2007, and his one year limitation period within which to file a § 2255 motion ended December 5, 2008. *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires).

[3]*Houston v. Lack,* 487 U.S. 266, 276 (1988) ("[T]he notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."); *Adams*, 173 F.3d at 1341 (a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing).

Viveros-Balanta admits his untimeliness but argues that his inability to either hire an attorney or read English precluded his timely filing. The inability to obtain counsel justifies no tolling because a petitioner has no constitutional right to counsel in a post-conviction proceeding. *Miller v. Florida*, 307 Fed. App'x 366, 367-68 (11th Cir. 2009),[4] citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Neither Viveros-Balanta's alleged inability to speak or read English nor his alleged lack of access to books written in Spanish or inmate law clerks who speak Spanish qualify for equitable tolling. *See Brown v. United States*, 318 Fed. App'x 749 (11th Cir. 2008) (Brown's illiteracy and problem communicating either verbally or with sign-language was not an extraordinary circumstance warranting equitable tolling), and *United States v. Montano*, 398 F.3d 1276 (11th Cir. 2005) (difficulty with English justifies no equitable tolling for filing a motion to vacate). *Accord Cobas v. Burgess*, 306 F.3d 441 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003).

Accordingly, the motion to vacate pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DISMISSED** as time-barred. The clerk shall close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 4, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to:
Petitioner *pro se*

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

3